UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| JOSE G. RODRIGUEZ, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) No. 2:16-cv-00183-LJM-MJD |
| | ) |
| RICHARD BROWN, | ) |
| | ) |
| Respondent. | ) |

**Entry Discussing Petition for Writ of Habeas Corpus**

The petition of Jose Rodriguez on for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. WVE 16-01-0037. For the reasons explained in this Entry, Rodriguez's habeas petition must be **granted**.

**Discussion**

**A. Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton,* 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson,* 224 F.3d 649, 652 (7th Cir. 2000).

**B. The Disciplinary Proceeding**

On January 13, 2016, Officer Miller wrote a conduct report charging Rodriguez with B-207 possession of an electronic device. Ex. A. The conduct report states:

> On 1-13-15 at approx. 10:00 a.m. I c/o D. Miller was assisting in a secondary search of clothes belonging to offender Rodriguez, Jose # 197741 who was assigned to FHU RW cell # 420. During the search, I did find various pieces of electronic equipment that have been fashioned into what is consistent with chargers for cellular phones.

The pieces of electronic equipment were confiscated and photographed. The conduct report also noted that Officer N. McKinney was a witness. Officer McKinney stated: "On 1-13-16 at approx. 10:00 a.m. I c/o N. McKinney did witness c/o D. Miller pull multiple electronic parts out of the waistband and pockets of the shorts being searched that belong to offender Rodriguez, Jose # 197741."

On January 14, 2016, Rodriguez was notified of the charge of possession of an electronic device and served with a copy of the conduct report and the screening report. Rodriguez was notified of his rights and pleaded not guilty. He also waived 24 hours advance notice of the disciplinary hearing. Rodriguez requested a lay advocate, and an advocate was later appointed. He did not request a witness, but he did ask that the DHO examine the confiscated electronic devices.

On January 19, 2016, a disciplinary hearing was held regarding the charge of possession of an electronic device in case WVE 16-01-0037. Rodriguez pleaded not guilty and provided the following statement: "These was extention [sic] for head phone or special order for stuff sold by NHU (plus program) can it be dropped to a C – it was personal property but broken." The DHO found Rodriguez guilty of possession of an electronic device. In making this determination, the Report of Disciplinary Hearing states that the DHO relied on staff reports, the offender's statement, the witness's statement, the photo, and the confiscation form. Due to the seriousness and frequency

of the offense, as well as the likelihood that the sanction would have a corrective effect, the hearing officer imposed the following sanctions: a written reprimand, one month of lost phone privileges, an earned credit time deprivation of 45 days, and a demotion from credit class one to credit class two, which was suspended.

Rodriguez's appeals were denied and he filed the present petition for a writ of habeas corpus.

### C. Analysis

Rodriguez argues that the hearing officer did not review the electronic equipment itself as he had requested and that the evidence was insufficient to support the conviction.

Due process requires that an inmate be permitted to present relevant, exculpatory evidence in the course of disciplinary proceedings. *Wolff*, 418 U.S. at 566. Rodriguez claims that the DHO violated his right to present evidence when she viewed only the photo of the alleged chargers because: (1) the photos are so dark that the chargers cannot be properly reviewed and (2) the DHO did not examine the altered cell phone chargers in person. The respondent asserts the photo was sufficient because, although Rodriguez was provided only a black and white photo of the alleged chargers, the DHO reviewed clear color photos. The respondent goes on to argue that review of the alleged chargers themselves would have been repetitive since the DHO reviewed the photograph.

It is true that while prisoners have a right to present evidence, they do not have the right to present evidence that is irrelevant, cumulative or unnecessary. *See Pannell v. McBride,* 306 F.3d 499, 503 (7th Cir. 2002). But the alleged chargers themselves here would not have been repetitive evidence of the photograph. Rodriguez's defense was that the items were not illegally possessed cell phone chargers but were legally possessed extension cords. When the issue at the hearing

depends entirely on a determination of what an object at issue is, a review of the object itself is not redundant or repetitive. *See Sides v. Buss*, 2008 WL 4372407 (N.D. Ind. Sept. 19, 2008).

The respondent goes on to argue that the DHO did review the alleged chargers themselves at the hearing. But the Report of Disciplinary Hearing conspicuously leaves out the alleged chargers as evidence that was considered. On the Report form, the following items are identified as evidence that was reviewed: Staff Reports; Statement of Offender; and Evidence from Witnesses (Witness Statement). In addition, next to the category for Other evidence, the Report identifies "photo" and in the category Physical Evidence, the Report identifies "Confiscation Form." In other words, there was ample opportunity to name evidence relied on by the DHO and it is reasonable to expect that the DHO identified all of the evidence considered on the form. But the DHO does not state that the alleged chargers themselves were considered as evidence. The first indication that the DHO reviewed the chargers comes, not from the records of the disciplinary proceedings, but from an affidavit of the DHO filed in this action stating that she did review these items. This affidavit contradicts the Report of Disciplinary Hearing, which was created at the time of the hearing. The affidavit therefore will not be considered. *Cf. Beckel v. Wal-Mart Assocs., Inc.*, 301 F.3d 621, 623 (7th Cir. 2002).

In short, Rodriguez had the right at his disciplinary hearing to present the physical evidence of the alleged illegal cell phone chargers. The Report of Disciplinary Hearing does not reflect that those items were considered. Rodriguez is therefore entitled to habeas relief.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. Because Rodriguez was denied the right to present evidence, that finding and the sanctions imposed must be **VACATED AND RESCINDED.**

Accordingly, Rodriguez's petition for a writ of habeas corpus is **GRANTED**. This disposition is not based on the alleged insufficiency of the evidence and does not bar a re-hearing of the charge.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date:   2/27/2017

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Andrea Elizabeth Rahman
OFFICE OF THE INDIANA ATTORNEY GENERAL
andrea.rahman@atg.in.gov

JOSE G. RODRIGUEZ
197741
WABASH VALLEY - CF
WABASH VALLEY CORRECTIONAL FACILITY - Inmate Mail/Parcels
6908 S. Old US Hwy 41
P.O. Box 1111
CARLISLE, IN 47838